UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIANA SEXTON,<br><br>    Plaintiff,<br><br> v.<br><br>COMMUNITY LIFE TEAM, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 1:22-CV-02018<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

This action was commenced upon the filing of a complaint by Plaintiff Liana Sexton ("Sexton") against Defendant Community Life Team, Inc. ("Community Life Team") on December 2, 2022. (Doc. 1). Sexton filed the amended complaint asserting claims pursuant to Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et. seq., the Pennsylvania Human Relations Act ("PHRA"), and the Family & Medical Leave Act ("FMLA"), 29 U.S.C. §§2601 et. seq., arising from Sexton's employment with Defendant and subsequent termination. (Doc. 35). Before the Court is Community Life Team's motion for reconsideration (Doc. 58) of the Court's Order (Doc. 55) dated September 26, 2024, in which the Court denied Community Life Team's motion for summary judgment (Doc. 37). For the following reasons, Community Life Team's motion for reconsideration (Doc. 58) will be **DENIED.**

I. **BACKGROUND AND PROCEDURAL HISTORY**

On December 2, 2022, Sexton initiated this action by filing a complaint against Community Life Team. (Doc. 1). On September 18, 2023, Plaintiff filed the amended complaint against Community Life Team alleging the following claims: Count I – Violations

of the ADA for retaliation, disability discrimination, and failure to accommodate; Count II – Violations of FMLA for retaliation; and Count III – Violations of the PHRA for retaliation, disability discrimination, and failure to accommodate. (Doc. 35, at 6-8). On November 3, 2023, Community Life Team filed its answer to the amended complaint. (Doc. 336). On November 30, 2023, Community Life Team filed a motion for summary judgment and a brief in support, as well as a statement of facts and exhibits. (Doc. 37; Doc. 38; Doc. 39; Doc. 40). On December 21, 2023, Sexton filed a brief in opposition, a counter statement of facts, a response to Community Life Team's statement of facts, and exhibits. (Doc. 42; Doc. 42-2; Doc. 42-2; Doc. 42-3; Doc. 42-4). On January 12, 2024, Community Life Team filed a reply brief and a response to Sexton's counter statement of facts. (Doc. 47; Doc. 48). On September 26, 2024, the Court issued an Order denying Community Life Team's motion for summary judgment. (Doc. 54; Doc. 55).

Community Life Team filed a motion for reconsideration of the Court's Order denying summary judgment. (Doc. 58; Doc. 60). In its motion for reconsideration, Community Life Team specifically requests the Court reconsider its ruling denying its motion for summary judgment on the grounds that the Court relied on errors of facts and law to determine that Community Life Team was not entitled to summary judgment on the issues of Sexton's retaliation claim and whether it proffered a "legitimate, nondiscriminatory reason for terminating Plaintiff's employment." (Doc. 60, at 4-12). On October 24, 2024, Sexton filed a brief in opposition to Community Life Team's motion for reconsideration. (Doc. 62). Accordingly, the matter is ripe for disposition. (Doc. 54; Doc. 58; Doc. 60; Doc. 62).

## II. MOTION FOR RECONSIDERATION

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002) (citation omitted); *see also Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 310, 314 n.3 (M.D. Pa. 1994), *aff'd*, 31 F.3d 1175 (3d Cir. 1994). The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Thus, a judgment may be amended or altered if the party seeking reconsideration shows at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café*, 176 F.3d at 677 (citation omitted). "By reason of the interest in finality, at least at the district court level, motions for reconsideration should be sparingly granted." *Cole's Wexford Hotel, Inc. v. UPMC & Highmark Inc.*, No. CV 10-1609, 2017 WL 432947, at *1 (W.D. Pa. Feb. 1, 2017).

**III.    DISCUSSION**

Upon a careful and thorough review of Community Life Team's arguments, the Court finds no grounds for granting its motion for reconsideration as there is no intervening change in controlling law, no new evidence that was unavailable when the Court denied Community Life Team's motion for summary judgment, and no manifest injustice arising from errors of facts in the Court's September 26, 2024 Order or Memorandum. (Doc. 54; Doc. 55); *Max's Seafood Café*, 176 F.3d at 677.

Community Life Team requests that this Court reconsider its denial of summary judgment because the Court relied on a "factual error" in concluding that factual questions

exist regarding Community Life Team's proffered reason for firing Sexton. (Doc. 60, at 5-6). Sexton refutes this conclusion, arguing that this factual mistake did not impact the Court's analysis and thus, the motion for reconsideration should be denied. (Doc. 62, at 7). This Court agrees with Sexton.

In the Court's September 26, 2024 Memorandum, the undersigned determined that Community Life Team's proffered legitimate reason for terminating Sexton's employment was called into question by facts in the record, including "that Messick was unhappy with Sexton's FMLA leave, stating she had 'no words' for Sexton's continued absence." (Doc. 54, at 10). However, the comment "no words" was not made by Messick, but by Corey Hudak ("Hudak"), the HR Director for Community Life Team. (Doc. 42-1, ¶ 55; Doc. 42-4, at 411). Community Life Team contends that this misappropriation is important because Hudak's comment is merely a "remark from a non-decisionmaker." (Doc. 60, at 6). However, evidence in the record contradicts Community Life Team's assertion that Hudak was a "non-decisionmaker." (Doc. 42-4, at 116). For example, Messick testified that the decision that "that Ms. Sexton was going to be involuntarily separated due to her then-existent medical conditions" was "a joint decision with Corey Hudak." (Doc. 42-4, at 116). Mr. Hernandez also testified that Messick and Hudak together decided that Sexton's "employment would be separated from UPMC [and] Community Life Team." (Doc. 42-4, at 153). Thus, correctly attributing the comment to Hudak does not change the legal analysis because the comment "no words" was still made by someone involved in the decision to terminate Sexton's employment. As such, the Court still finds that evidence in the record is in dispute regarding Community Life Team's proffered reason for terminating Sexton's employment, including the suggestion that *Hudak* was unhappy with Sexton's FMLA leave, exemplified by Hudak's

4

comment that she had "no words" for Sexton's continued absence. (Doc. 42-1, ¶ 55; Doc. 42-2, at 411). This alone is enough to deny Community Life Team's motion for reconsideration on this issue. *See El v. City of Pittsburgh*, No. 2:15-CV-00834-NBF, 2017 WL 4310233, at *5 (W.D. Pa. Sept. 28, 2017) (holding that even if a new fact put forth by a plaintiff was true, it does not warrant granting a motion for reconsideration because "this fact, even if true, does not change the outcome of the prior [o]rder."). The Court also relied on other facts in the record when determining Community Life Team's pretext, including the fact that other employees consistently worked remotely and "it is a question of fact whether an accommodation for remote training would have allowed her to do billing work, as well as whether billing is an essential function of her job to begin with." (Doc. 54, at 21-22). Accordingly, Community Life Team's motion for reconsideration is **DENIED** on this basis. *See City of Pittsburgh*, 2017 WL 4310233, at *5 (denying a motion for reconsideration when plaintiffs "have failed to demonstrate that either of the Court's other two grounds for granting [the previous motion]—warrants reconsideration.").

Community Life Team next moves for reconsideration on the grounds that the Court's September 26, 2024 Order contained another factual error: that the Court incorrectly stated that Sexton was terminated while on FMLA leave when she was actually terminated while on leave pursuant to short-term disability benefits. (Doc. 42-1, ¶¶ 73-74; Doc. 49, at 40-41; Doc. 54, at 4; Doc. 60, at 5, 7-11). According to Community Life Team, this is significant because (1) terminating Sexton's employment "before her short-term disability benefits expired does not call into question [Community] Life[ ]Team's legitimate reason for terminating Sexton's employment" and (2) it is relevant to questions about the causal connection between Sexton's request for FMLA leave and her termination, which are relevant

5

Sexton's retaliation claim. (Doc. 60, at 5, 7).

Community Life Team's argument fails for the same reasons that their argument regarding the "no words" comment fails – as discussed *supra*, this Court has already established that there are genuine questions of material fact regarding whether Community Life Team had a legitimate reason for terminating Sexton's employment. In reaching this conclusion, the Court relied on other evidence in the record, including the fact that other employees consistently worked remotely, it was unclear if in-person work was a legitimate job requirement, or whether Sexton could have trained for her billing duties remotely.[1] Therefore, this factual error is not grounds for granting Community Life Team's motion for reconsideration. *See City of Pittsburgh*, 2017 WL 4310233, at *5 (as noted *supra*, denying a motion for reconsideration when a court has relied on other evidence without errors in reaching its conclusion of which a party requests reconsideration).

That Sexton was terminated while on leave pursuant to short-term disability benefits, not FMLA leave, also does not alter the Court's denial of Community Life Team's motion for summary judgment on the retaliation claims. The relevant dispute at issue for Sexton's retaliation claim is "only the third and final element of a prima facie retaliation case: whether there is a causal connection between Sexton's protected activity and her termination." (Doc. 54, at 19). Correctly noting that Sexton's FMLA leave expired on April 5, 2022, this Court still finds that there are material facts in dispute regarding Community Life Team's treatment of Sexton after this leave expired. Namely, Community Life Team at one point told Sexton

---

[1] Additionally, having correctly attributed the "no words" comment to Hudak, this Court finds that Hudak, an individual involved in making decisions about Sexton's termination, may have displayed displeasure with Sexton's continued absence and use of leave. This is also evidence of a material fact in genuine dispute about Community Life Team's proffered reason for terminating Sexton's employment.

that in-person training would be required for only two days weekly and changed that to five days weekly. (Doc. 42-4, at 472). Evidence in the record, specifically Ms. Gewertz's signed declaration, also shows that other individuals in Sexton's position did not have to train in-person five days per week for several weeks. (Doc. 42-4, at 107). Ms. Gewertz stated that she was required to be in-person for only two days of training. (Doc. 42-4, at 452). In its September 26, 2024 Memorandum, this Court noted that "courts 'consider all of the proffered evidence as a whole to determine whether it may suffice to raise the inference' of causation." (Doc. 54, at 20) (quoting *Straka v. Comcast Cable*, 897 F. Supp. 2d 346, 367 (W.D. Pa. 2012) (quotation omitted)) (citing *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280-81 (3d Cir. 2000) ("Although timing and ongoing antagonism have often been the basis for the causal link, our case law clearly has allowed a plaintiff to substantiate a causal connection for purposes of the prima facie case through other types of circumstantial evidence that support the inference.")). The Court has already established that considering the totality of circumstances, a reasonable juror could find that Community Life Team changed its training requirements in retaliation for Sexton's use of her FMLA leave, her request for additional benefits, or her ADA accommodations requests. Again, when other evidence that the Court relied on is factually sound, a motion for reconsideration is not warranted. *See City of Pittsburgh*, 2017 WL 4310233, at *5

Finally, Community Life Team attempts to reassert the arguments it previously made in its brief in support of its motion for summary judgment, when it contends that "Sexton's ADA/PHRA discrimination and failure to accommodate claims should have been dismissed because the undisputed record shows that Sexton was never released to work in any capacity." (Doc. 60, at 12). This attempt fails because "motions for reconsideration are not designed to

provide litigants with a 'second bite at the apple.'" (Doc. 60); *Cole's Wexford Hotel, Inc. v. UPMC & Highmark Inc.*, No. CV 10-1609, 2017 WL 432947, at *2 (W.D. Pa. Feb. 1, 2017) (quoting *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)). "A motion for reconsideration is not to be used to relitigate, or 'rehash,' issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made." *Cole's Wexford Hotel*, 2017 WL 432947, at *2 (citing *Williams v. City of Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998)). Accordingly, the Court will not "rehash" the issues previously litigated in this case. *Cole's Wexford Hotel*, 2017 WL 432947, at *2.

## IV.   CONCLUSION

For the foregoing reasons, Community Life Team's motion for reconsideration will be **DENIED**. (Doc. 58).

An appropriate Order follows.

BY THE COURT:

Dated: November 27, 2024

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**